IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | ) | |
| | ) | Civil Action No. 1:18-cv-03369 |
| Plaintiff, | ) | |
| | ) | Judge: Hon. Andrea R. Wood |
| v. | ) | |
| | ) | Magistrate: Hon. Mary M. Rowland |
| NATIONAL CASUALTY COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED ANSWER AND COUNTERCLAIM

Defendant National Casualty Company ("NCC"), pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, hereby files its Amended Answer and Counterclaim as follows:

## ANSWER

1. At all times relevant hereto, Plaintiff, Acuity, was an insurance company incorporated in the State of Wisconsin, with its principal place of business in Sheboygan, Wisconsin, that issued Commercial Automobile Insurance liability polices, including a policy of such insurance to Kingsbury Acres Greenhouse, Inc. ("Kingsbury").

RESPONSE: NCC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph and on that basis denies them.

2. At all times relevant hereto, Defendant, National Casualty Company ("National Casualty") was an insurance company with its principal place of business located in Madison, Wisconsin, that issued commercial lines of insurance, including Commercial Automobile Coverage to AAAaction Transportation, Inc. ("AAAction").

RESPONSE: NCC admits that issued a policy of automobile insurance to AAAction Transportation, Inc. NCC denies that its principal place of business is or was Madison, Wisconsin at any time relevant to this action.

3. This Declaratory Judgment action is brought pursuant to 735 ILCS 5/2-701 and involves the respective rights and duties between Acuity and National Casualty arising from an underlying Complaint filed on May 26, 2016 by Cathy Komada as Independent Executor of the Estate of Jeffrey R. Komada ("Komada") in the Circuit Court of Cook County, Illinois, under case number 2016 L 5275, which has been amended from time to time, and is currently entitled "Fourth Amended Complaint at Law" (the "Complaint"). A copy of the Complaint is attached as Exhibit A.

RESPONSE: NCC denies that 735 ILCS 5/2-701 applies to this action that is now pending in this Federal Court. The remainder of this paragraph does not require a response.

4. This Complaint for Declaratory Judgment and for Other Relief seeks a declaration and finding that National Casualty must contribute toward Acuity's defeise and indemnification of Kingsbury in connection with the Complaint.

RESPONSE: NCC admits that this action seeks the relief described in this paragraph, but denies that Acuity is entitled to such relief.

5. The Complaint alleges that on April 30, 2016 an incident took place on 1-294 near West Touhy Avenue in Cook County, Illinois when Komada was "standing outside his vehicle assisting a stranded motorist and her five year old daughter", at which time he was struck by a tractor-trailer driven by Bruce Dove ("Dove"), The Complaint is premised in negligence and alleges that Dove was an "agent and/or

employee" of Kingsbury at the time of the incident and, therefore, seeks to hold

Kingsbury vicariously liable for Dove's acts or omissions.

RESPONSE: NCC admits that the underlying complaint makes the allegations described

in this paragraph.

6. Further, the Complaint alleges that at the time of the incident Dove was an agent

of AAAction and seeks to hold AAAction vicariously liable for Dove's acts or

omissions.

RESPONSE: NCC admits that the underlying complaint makes the allegations described

in this paragraph.

7. Further, the Complaint alleges that at the time of the incident Dove operated

thetractor-trailer as "agent and/or employee" of Dove Logistics, LLC.

RESPONSE: NCC admits that the underlying complaint makes the allegations described

in this paragraph.

8. Investigation has shown that Dove Logistics, LLC entered into an "Independent

Contractor Agreement" with AAAction, a motor carrier operating pursuant to state

and/or federal law, whereby AAAction agreed to have exclusive possession,

control and use of certain equipment, a 1995 Peterbilt Tractor

(VTN#1XP5DB8X2SN369549) operated by Dove at the time of the incident. See,

Independent Contractor Agreement attached as Exhibit B.

RESPONSE: NCC lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the averments in this paragraph and on that basis denies them.

9. Investigation has shown that Dove Logistics, LLC and/or Dove was under dispatch

from AAAction and operating under AAAction's federal authority issued by the

federal Department of Transportation at the time of the incident.

RESPONSE: NCC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph and on that basis denies them.

10. Investigation has shown the Kingsbury leased the trailer being pulled by the 1995 Peterbilt tractor and made it available for AAAction's use at the time of the incident.

RESPONSE: NCC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph and on that basis denies them.

11. On June 30, 2017, Acuity tendered the defense and indemnity of its named insured, Kingsbury, to National Casualty Company, and requested that National Casualty agree to contribute an equal share toward Kingsbury's defense of the Complaint. See, June 30, 2017 correspondence to National Casualty attached as Exhibit C.

RESPONSE: NCC admits that Acuity sent a letter dated June 30, 2017 that is attached as Exhibit C to the Complaint, which speaks for itself. Any other averments in this paragraph requiring a response are denied.

12. To date, National Casualty has not responded to Acuity's tender of defense.

RESPONSE: NCC denies the averments of this paragraph.

13. National Casualty issued motor carrier liability coverage to AAAction, policy, no. LF00002507, effective October 1, 2015 to October 1, 2016, with a covered automobile limit of $1,000,000 each occurrence. A copy of the National Casualty policy is attached as Exhibit D.

RESPONSE:  NCC admits the averments of this paragraph except the statement that

the NCC policy has a limit of $1,000,000 each occurrence.  Rather, the policy has a limit

of $1,000,000 per accident.

14.  The Declarations page of the National Casualty policy identifies the following

covered autos:

"64" Owned Commercial "Autos" Only

Only those trucks, tractors and "trailers you own (and for Covered Autos Liability
Coverage any "trailers" you don't own while connected to a power unit you own).
This includes those trucks tractors and "trailers" you acquire ownership of after the
policy begins.

"68" Hired "Autos" Only

Only those "autos" you lease, hire, rent or borrow. This does not include any
"private passenger type" "auto" you lease, hire, rent or borrow from any member
of your household, any of your "employees", partners (if you are a partnership),
members (if you are a limited liability company), or agents or members of their
households.

RESPONSE:  NCC admits that its policy contains the content described in this paragraph,

but states that all of this content is not within the Declaration page as stated in the

Complaint.

15. The National Casulty Policy further provides, in pertinent part, as follows:

**Section H - Covered Autos Liability Coverage**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily
injury" or "property damage" to which this insurance applies, caused by an
"accident" and resulting from the ownership, maintenance or use of a covered
"auto."

***

1. **Who Is An Insured**

The following are "insureds":

C. The owner or anyone else from whom you hire or borrow a covered "auto" that is a "trailer" while the "trailer" is connected to another covered "auto:" that is a power unit, or, if not connected, is being used exclusively in your business.


**SECTION V - MOTOR CARRIER CONDITIONS**

\*\*\*

**B. General Conditions**

\*\*\*

**5. Other Insurance Primary and Excess Insurance Provisions**

b. While any covered "auto" is hired or borrowed by you from another motor carrier", this Coverage Form's Covered Autos Liability Coverage is:

(1) Primary if a written agreement between the other "motor carrier" as the lessor and you as the lessee does not require the lessor and you as the lessee does not require the lessor to hold you harmless, and then only while the covered "auto" is used exclusively in your business as a "motor carrier" for hire.

(2) Excess over any other collectable insurance if a written agreement between the other "motor carrier" as the lessor and you as the lessee requires the lessor to hold you harmless.

c. While a covered "auto" which is a "trailer" is connected to a power unit, this Coverage Form's Covered Auto Liability Coverage is:

(1) Provided on the same basis, either primary or excess, as the Covered Autos Liability Coverage Provided for the power unit if the power unit is a covered "auto".

(2) Excess if the power unit is not a covered "auto".

**SECTION VI— DEFINITIONS**

\*\*\*

B. "Auto" means:

1. A land motor vehicle, "trailer" or semitrailer designed for travel on public road;

or

2. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is principally garaged.

RESPONSE: NCC admits that the language described in this paragraph is contained within its policy.

16. Acuity issued a Commercial Automobile policy of insurance to Kingsbury Acres Greenhouse, Inc., policy number X93151 (the "Acuity policy") with effective dates of April 15, 2016 to April 15, 2017, and a liability limit of $1,000,000 each accident. A Copy of the Acuity policy is attached as Exhibit B.

RESPONSE: NCC admits that the policy described in this paragraph is attached as Exhibit E to the Complaint.

17. The Acuity policy Declarations page identifies the following covered autos:

Liability "1"

Any "auto"

RESPONSE: NCC admits that the Acuity policy contains the language described in this paragraph.

18. The Acuity policy further provides, in pertinent part:

**SECTION II – LIABILITY COVERAGE**

**A. COVERAGE**

We will pay all sums an "insured" legally must pay as damages because of bodily injury or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered auto.

1. Who is an Insured

The following are "insureds":

   a. You for any covered "auto",

   b. Anyone else while using with your permission a covered "auto" you own, hire, or borrow.

## SECTION IV - BUSINESS AUTO CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

\*\*\*

### B. GENERAL CONDITIONS

### 5. Other Insurance

   a. For any covered "auto" you own, this coverage form provides primary insurance. For any covered "auto" you do not own, the insurance provided by this coverage form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this coverage form provides for the "trailer" is (1) Excess while it is connected to a motor vehicle you do not own.

   (1) Excess while it is connected to a motor vehicle you do not own.

\*\*\*

   d. When this coverage form and any other coverage form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our coverage form bears to the total of the limits of all the coverage forms and policies covering on the same basis.

RESPONSE:  NCC admits that the Acuity policy contains the language described in this

paragraph.

   19. Plaintiff re-alleges and incorporates paragraph 1 through 18 above as though fully

   set forth herein.

RESPONSE:  NCC adopts and incorporates its above responses as though fully set forth

herein.

   20. An actual controversy exists between Acuity and National Casualty concerning

whether Acuity is entitled to receive reimbursement from National Casualty for 50% of its defense and any indemnity payments in connection with the defense of the Complaint and this Court is granted the power to determine and adjudicate the rights and obligations thereto under 735 JLCS 5/2-701.

RESPONSE: NCC denies the averments of this paragraph.

21. Kingsbury is an "insured" under the National Casualty policy because Kingsbury provided the trailer that was connected to the tractor being hauled by AAAction at the time of the incident alleged in the Complaint.

RESPONSE: NCC denies the averments of this paragraph.

22. The trailer being hauled by the AAAction at the time of the incident alleged in the Complaint qualifies as an insured "auto" under the National Casualty policy. Further, the tractor qualifies as an insured "auto" under the National Casualty policy because it was leased, hired or borrowed by Kingsbury.

RESPONSE: NCC denies the averments of this paragraph.

23. The Acuity policy also insured Kingsbury and the trailer being operated by AAAction at the time of the incident.

RESPONSE: NCC admits the averments of this paragraph.

24. The "Independent Contractor Agreement" between Dove, LLC and AAAction required that Dove, LLC hold AAAction harmless "from any direct, indirect and consequential loss damage, fine, expense, including reasonable attorney's fees, action, claim for injury to persons, including death... in connection with [Dove, LLC's] obligations and/or services under this Agreement." See, Ex. B at 15(g).

RESPONSE: NCC admits that the agreement described in this paragraph contains the

9

language quoted in this paragraph.

25. As such, the National Casualty policy provides excess coverage for Kingsbury.

RESPONSE: NCC denies that its policy provides any coverage for Kingsbury.

26. Further, the Acuity policy provides excess coverage for Kingsbury because the trailer was connected to a tractor that was not owned by Kingsbury.

RESPONSE:  NCC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph and on that basis denies them.

27. Because both the National Casualty policy and the Acuity policy provide excess coverage for Kingsbury, they are "incompatible" and must share in the loss on a pro-rated basis. State Farm Fire & Cas. Co. v. Utica Nat. ins. Grp., 873 N.E. 2d 416 (1st Dist. 2007).

RESPONSE:  NCC denies the averments of this paragraph.

28. Accordingly, because the Acuity and National Casualty policies each provide for $1,000,000 in liability coverage per accident, the policies must share an equal proportion of coverage, and thus, the Court should find and declare that National Casualty must reimburse Acuity 50% of all attorney's fees, costs, and indemnity payments, paid or payable, with respect to Kingsbury in connection with the Complaint.

RESPONSE:  NCC denies the averments of this paragraph.

In response to the unnumbered paragraph following paragraph 28 of the Complaint, NCC denies that Acuity is entitled to the relief requested.

29. Plaintiff re-alleges and incorporates paragraphs 1-28 above as though fully set forth herein.

RESPONSE: NCC adopts and incorporates its above responses as though fully set forth herein.

30. National Casualty, through its failure to respond to Acuity's tender of defense has breached its duty to defend and indemnify Kingsbury in connection with the Complaint.

RESPONSE: NCC denies the averments of this paragraph.

31. Based on the doctrine of equitable subrogation, Acuity is entitled to full reimbursement from National Casualty of all defense costs, attorney's fees, and indemnity payments, paid or to be paid, since National Casualty's duty to defend Kingsbury was triggered in connection with the Complaint.

RESPONSE: NCC denies the averments of this paragraph.

32. Further, National Casualty, due to its failure to respond to Acuity's tender of defense, has waived and shall be estopped as a matter of law from asserting any defenses to coverage.

RESPONSE: NCC denies the averments of this paragraph.

In response to the unnumbered paragraph following paragraph 32 of the Complaint, NCC denies that Acuity is entitled to the relief requested.

33. Plaintiff re-alleges and incorporates paragraphs 1-32 above as though fully set forth herein.

RESPONSE: NCC adopts and incorporates its above responses as though fully set forth herein.

34. Based on the allegations of the Complaint, both Acuity and National Casualty cover Kingsbury with regard to the operation of the trailer at the time of the incident alleged in the Complaint.

RESPONSE: NCC denies the averments of this paragraph.

35. There is sufficient identity of the risks covered by Acuity and National Casualty such that National Casualty should have recognized that it affords coverage for Kingsbury in connection with the Complaint.

RESPONSE: NCC denies the averments of this paragraph.

36. Based on the doctrine of equitable contribution, Acuity is entitled to full reimbursement from National Casualty of all defense costs, attorney's fees, and indemnity payments, paid or to be paid, since National Casualty's duty to defend Kingsbury was triggered in connection with the Complaint.

RESPONSE: NCC denies the averments of this paragraph.

37. Further, National Casualty, due to its failure to respond to Acuity's tender of defense, has waived and shall be estopped as a matter of law from asserting any defenses to coverage.

RESPONSE: NCC denies the averments of this paragraph.

In response to the unnumbered paragraph following paragraph 32 of the Complaint, NCC denies that Acuity is entitled to the relief requested.

## **Affirmative Defenses**

### **First Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

NCC pleads failure to do equity and unclean hands.

**Third Defense**

Some or all of the claims in the Complaint are not ripe for adjudication.

**Fourth Defense**

NCC breached no contractual, legal or equitable duty owed.

**Fifth Defense**

NCC breached no coverage obligation or other legal obligation owed.

**Sixth Defense**

The claims in the Complaint are barred for failure to satisfy conditions precedent.

**Seventh Defense**

NCC reserves the right to assert additional defenses as discovery proceeds.

**COUNTERCLAIM**

Counterclaim-Plaintiff NCC, for its Counterclaim against Counterclaim-Defendant Acuity, alleges as follows:

**The Parties**

1.      Counterclaim-Plaintiff National Casualty Company ("NCC") is an Ohio corporation with its principal place of business in the state of Arizona.

2.      Counterclaim-Defendant Acuity, A Mutual Insurance Company ("Acuity") is a Wisconsin corporation with its principal place of business in the state of Wisconsin.

**Jurisdiction**

3.      The jurisdiction of this Court is premised upon 28 U.S.C. § 1332, as there

is complete diversity of citizenship between the NCC and Acuity, and the amount in controversy, including the costs of defense in connection with the accident and underlying lawsuit, as set forth below, exceeds the sum of $75,000, exclusive of interest and costs.

4.      This Court has authority to declare the rights and obligations of the parties under the terms and provisions of the insurance policy at issue in this lawsuit, as provided by 28 U.S.C. § 2201(a) and Rule 57 of the Federal Rules of Civil Procedure.

## Venue

5.      Venue is proper in this Court premised upon 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to this action occurred in this district and the underlying lawsuit upon which this declaratory judgment action is based was filed in state court in this district.

## The Underlying Accident

6.      On April 30, 2016 an automobile accident occurred in Cook County, Illinois (the "Accident") which resulted in the death of Jeffrey Komada ("Komada").

7.      Komada was struck by a tractor-trailer that was driven by Bruce Dove.

## The Underlying Lawsuit

8.      Cathy Komada, as Independent Executor of the Estate of Jeffrey Komada, filed a lawsuit against AAAction Transportation, Inc.; Dove Logistics, LLC; Bruce Dove; Kingsbury Acres Greenhouses, Inc.; Hickory Creek Nursery, Inc. d/b/a Alsip Home & Nursery; and Helen Odessky in the Circuit Court of Cook County, Illinois, County Department – Law Division, Case No. 2016 L 05275 (the "Underlying Lawsuit").  A copy of the Fourth Amended Complaint in the Underlying Lawsuit is attached as Exhibit A to Acuity's Complaint in this action.

9.      In the Underlying Lawsuit, the plaintiff sought to recover from all defendants for the wrongful death of Komada.

10.     The Fourth Amended Complaint in the Underlying Lawsuit alleges that Kingsbury Acres Greenhouses, Inc. ("Kingsbury") and/or AAAction Transportation, Inc. ("AAAction") owned the tractor and trailer that was operated by Bruce Dove at the time of the Accident.

11.     Investigation has revealed that the trailer being pulled at the time of the Accident was leased by Kingsbury from Xtra Lease and made available for use by AAAction, Dove Logistics and Bruce Dove, who were using it at the time of the Accident.

12.     NCC has defended AAAction, Dove Logistics and Bruce Dove in the Underlying Lawsuit pursuant to an automobile liability insurance policy issued by NCC to AAAction, policy number LFO0002507, with a liability limit of $1,000,000 (the "NCC Policy").  A copy of the NCC Policy is attached as Exhibit D to Acuity's Complaint in this action.

13.     Acuity issued an automobile liability insurance policy to Kingsbury, policy number X93151, with a liability limit of $1,000,000, which was in effect at the time of the Accident (the "Acuity Policy").  A copy of the Acuity Policy is attached as Exhibit E to Acuity's Complaint in this action.

14.     The Acuity Policy provides as follows with regard to liability coverage:

A. COVERAGE

> We will pay all sums an *insured* legally must pay as damages because of *bodily injury* or *property damage* to which this insurance applies, caused by an *accident* and resulting from the ownership, maintenance or use of a covered *auto.*

* * *

> We have the right and duty to defend any *insured* against a *suit* asking for such damages . . . .

15.    The Acuity Policy provides with regard to who is an insured, in relevant part, as follows:

> 1.   Who Is an Insured
>
> The following are *insureds:*
>
> a.   You for any covered *auto.*
>
> b.   Anyone else while using with your permission a covered *auto* you own, hire or borrow except . . . .

16.    The Acuity Policy's declarations state that covered autos are described under Symbol 1.

17.    The Acuity Policy defines covered autos under Symbol 1 as Any Auto.

18.    AAAction, Dove Logistics and Bruce Dove qualify as insureds under the language of the Acuity Policy.

19.    The tractor and trailer involved in the Accident are covered autos under the Acuity Policy.

20.    The Acuity Policy contains the following Other Insurance provisions:

> 5.   Other Insurance
>
> a.   For any covered *auto* you own, this coverage form provides primary insurance.  For any covered *auto* you do not own, the insurance provided by this coverage form is excess over any other collectible insurance.  However, while a covered *auto* which is a *trailer* is connected to another vehicle, the Liability Coverage this coverage form provides for the *trailer* is:
>
> (1) Excess while it is connected to a motor vehicle you do not own.
>
> (2) Primary while it is connected to a covered auto you own.

* * *

    d. When this coverage form and any other coverage form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our coverage form bears to the total of the limits of all the coverage forms and policies covering on the same basis.

21.    The NCC Policy contains the following Other Insurance provisions:

    **5.** Other Insurance – Primary and Excess Insurance Provisions

    **a.** While any covered "auto" is hired or borrowed from you by another "motor carrier", this Coverage Form's liability coverage is:

    **(1)** Primary if a written agreement between you as the lessor and the other "motor carrier" as the lessee requires you to hold the lessee harmless.

    **(2)** Excess over any other collectible insurance if a written agreement between you as the lessor and the other "motor carrier" as the lessee does not require you to hold the lessee harmless.

    **b.** While any covered "auto" is hired or borrowed by you from another "motor carrier" this Coverage Form's liability coverage is:

    **(1)** Primary if a written agreement between the other "motor carrier" as the lessor and you as the lessee does not require the lessor to hold you harmless, and then only while the covered "auto" is used exclusively in your business as a "motor carrier" for hire.

    **(2)** Excess over any other collectible insurance if a written agreement between the other "motor carrier'' as the lessor and you as the lessee requires the lessor to hold you harmless.

    **c.** While a covered "auto" which is a "trailer" is connected to a power unit, this Coverage Form's Covered Autos Liability Coverage is:

**(1)** Provided on the same basis, either primary or excess, as the Covered Autos Liability Coverage provided for the power unit if the power unit is a covered "auto".

**(2)** Excess if the power unit is not a covered auto.

\* \* \*

**e.** Except as provided in Paragraphs a., b., c. and d. above, this Coverage Form provides primary insurance for any covered "auto" you own and excess insurance for any covered "auto" you don't own.

\* \* \*

**h.** When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

<u>COUNT I – DECLARATORY JUDGMENT</u>

22.     NCC re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 above, as if set forth fully herein.

23.     An actual controversy exists between NCC and Acuity regarding whether NCC is entitled to receive reimbursement from Acuity for 50% of NCC's defense costs in connection with the defense of the Underlying Lawsuit.

24.     AAAction, Dove Logistics and Bruce Dove are insureds under the Acuity Policy because they were using a covered auto owned, hired or borrowed by Kingsbury at the time of the Accident.

25.     The language in the Other Insurance provisions in the NCC Policy and the Acuity Policy requires that each insurer cover the loss on the same basis with respect to the claims against AAAction, Dove Logistics and Bruce Dove.

18

26.     Thus, the Court should declare that Acuity must reimburse NCC 50% of NCC's defense costs incurred in the defense of AAAction, Dove Logistics and Bruce Dove in the Underlying Lawsuit.

<u>COUNT II – SUBROGATION/INDEMNITY/CONTRIBUTION</u>

27.     NCC re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 26 above, as if set forth fully herein.

28.     Under the terms of the Acuity Policy, Acuity had a duty to defend AAAction, Dove Logistics and Bruce Dove in the Underlying Lawsuit.

29.     NCC is subrogated to the rights of its insureds under the Acuity Policy, and is entitled to subrogation against Acuity for the costs of defending AAAction, Dove Logistics and Bruce Dove in the Underlying Lawsuit.

30.     NCC is entitled to indemnity from Acuity for the costs of defending AAAction, Dove Logistics and Bruce Dove in the Underlying Lawsuit.

31.     NCC is entitled to equitable contribution from Acuity for the costs of defending AAAction, Dove Logistics and Bruce Dove in the Underlying Lawsuit.

32.     Therefore, NCC requests that the Court award judgment in favor of NCC and against Acuity for 50% of the defense costs incurred by NCC in the defense of AAAction, Dove Logistics and Bruce Dove in the Underlying Lawsuit.

Dated:  June 8, 2018

                              Respectfully Submitted,

                              NATIONAL CASUALTY COMPANY

                              By:  /s/ Scott W. McMickle
                                   /s/ Jon M. Hughes
                                   MCMICKLE, KUKREY
                                   & BRANCH, LLP

Scott W. McMickle
(Georgia Bar No. 497779)
Jon M. Hughes
(Georgia Bar No. 835057)
MCMICKLE, KUREY & BRANCH, LLP
200 South Main Street
Alpharetta, Georgia 30009
(678) 824-7800
swm@mkblawfirm.com
jhughes@mkblawfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:18-cv-03369 |
| v. | ) ) | Judge: Hon. Andrea R. Wood |
| NATIONAL CASUALTY COMPANY | ) ) | Magistrate: Hon. Mary M. Rowland |
| Defendant. | ) ) | |

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing AMENDED ANSWER AND COUNTERCLAIM by filing same with the CM/ECF system, which will send notice to the following counsel of record:

Jason Orleans
ORLEANS CANTY NOVY, LLC
65 E. Wacker Place, Suite 1220
Chicago, IL 60601

This 8th day of June, 2018

/s/Jon M. Hughes
JON M. HUGHES
McMICKLE, KUREY & BRANCH, LLP
200 South Main Street
Alpharetta, Georgia 30009
Telephone: (678) 824-7800
Facsimile: (678) 824-7801
Email: jhughes@mkblawfirm.com

M0413076.1 14071

21